IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE

In re

JAMES WILLIS HARRELL
MAVIS CAROLYN HARRELL

        Debtors

Case No. 06-32661

MEMORANDUM ON OBJECTION OF
CITIFINANCIAL AUTO CORPORATION TO
CONFIRMATION OF CHAPTER 13 PLAN

**APPEARANCES:**   LAW OFFICES OF MAYER & NEWTON
    John P. Newton, Jr., Esq.
    1111 Northshore Drive
    Suite S-570
    Knoxville, Tennessee  37919
    Attorneys for Debtors

    WILLIAMS & PROCHASKA, P.C.
     Joseph R. Prochaska, Esq.
     Victoria A. Ferraro, Esq.
     401 Church Street
     Suite 2600
     Nashville, Tennessee  37219
     Attorneys for CitiFinancial Auto Corporation

    GWENDOLYN M. KERNEY, ESQ.
     Post Office Box 228
     Knoxville, Tennessee  37901-0227
     Chapter 13 Trustee

**RICHARD STAIR, JR.**
**UNITED STATES BANKRUPTCY JUDGE**

This contested matter is before the court on the Objection of CitiFinancial Auto Corporation f/k/a TranSouth Financial Corporation to Confirmation of Chapter 13 Plan filed on December 13, 2006, by CitiFinancial Auto Corporation (CitiFinancial), as amended by the Amended Objection of CitiFinancial Auto Corporation f/k/a TranSouth Financial Corporation to Confirmation of Chapter 13 Plan filed on January 2, 2007 (collectively, Objection to Confirmation). The court held a preliminary hearing on the Objection to Confirmation on January 17, 2007, at which time the matter was set for an evidentiary hearing on February 14, 2007.[1] On February 7, 2007, the parties filed Joint Stipulations of Undisputed Facts. CitiFinancial filed a Memorandum of Law in Support of CitiFinancial Auto Corporation's Ojection [sic] to Confirmation of Debtor's [sic] Chapter 13 Plan on February 7, 2007, and the Debtors filed their Brief in Support of Confirmation on February 13, 2007. At the February 14, 2007 hearing, the parties agreed that the matter should be decided on stipulations and briefs. Because the identical issues raised by CitiFinancial in the present case were decided by the court in two prior cases, *In Re Ezell*, 338 B.R. 330 (Bankr. E.D. Tenn. 2006), and more recently, in *In re Steakley*, ___ B.R. ___, 2007 WL 259570 (Bankr. E.D. Tenn. Jan. 17, 2007), the Objection to Confirmation will be overruled.

The Debtors filed the Voluntary Petition commencing their bankruptcy case under Chapter 13 on November 13, 2006. CitiFinancial is a secured creditor of the Debtors, holding a $15,662.01 claim secured by a 2002 Dodge Dakota (Dakota), purchased by the Debtors on July 21, 2004. The Debtors' Chapter 13 Plan (Plan) proposes bi-weekly payments of $725.00 for 60 months, plus

---

[1] Objections to confirmation filed by the Chapter 13 Trustee and Eastman Credit Union were also set for hearing on February 14, 2007; however, these objections were withdrawn on February 6, 2007, and February 7, 2007, respectively.

payment of all tax refunds in excess of $1,500.00, resulting in a projected dividend of 71-100% to nonpriority unsecured creditors. With respect to CitiFinancial's claim, the Plan proposes to surrender the Dakota "in full satisfaction" of the debt. Pursuant to the Joint Statement of Issues filed on February 13, 2007, the issue the court is called upon to resolve is "[w]hether the 'Hanging Paragraph' after 11 U.S.C. §1325(a)(9) allows a debtor to surrender a vehicle under 11 U.S.C. § 1325(a)(5)(C) in full satisfaction of their outstanding debt to CFA" and "[w]hether the Debtors' Plan meets the confirmation requirements of 11 U.S.C. §1325."

>Section § 1325(a) provides, in material part:
>
>(a) Except as provided in subsection (b), the court shall confirm a plan if—
>
>> . . . .
>>
>>(5) with respect to each allowed secured claim provided for by the plan—
>>
>>>(A) the holder of such claim has accepted the plan;
>>>
>>>(B)(i) the plan provides that—
>>>
>>>>(I) the holder of such claim retain the lien securing such claim until the earlier of—
>>>>
>>>>>(aa) the payment of the underlying debt determined under nonbankruptcy law; or
>>>>>
>>>>>(bb) discharge under section 1328; and
>>>>
>>>>(II) if the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable nonbankruptcy law;
>>>
>>>(ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; and

3

>  > (iii) if—
>  >
>  > > (I) property to be distributed pursuant to this subsection is in the form of periodic payments, such payments shall be in equal monthly amounts; and
>  > >
>  > > (II) the holder of the claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan; or
>  >
>  > (C) the debtor surrenders the property securing such claim to such holder;
>
> . . . .
>
> For purposes of paragraph (5), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day [period[2]] preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in section 30102 of title 49) acquired for the personal use of the debtor, or if collateral for that debt consists of any other thing of value, if the debt was incurred during the 1-year period preceding that filing[.]

11 U.S.C. § 1325(a) (2005).

In *Ezell*, the court determined that 11 U.S.C. § 1325(a), as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, removed the ability of secured creditors to bifurcate their claims under 11 U.S.C. § 506(a) (2005) when the provisions of the alphanumeric paragraph located at the end of § 1325(a) are met. Accordingly, under this "Anti-Cramdown Provision," once the requirements therein are met, debtors wishing to retain collateral under § 1325(a)(5)(B) must pay the full amount of the secured claim, and debtors wishing to surrender

---

[2] The court supplies this word which was presumably inadvertently omitted by the drafters of the statute.

collateral under § 1325(a)(5)(C) do so in full satisfaction of the debt. *Ezell*, 338 B.R. at 340. In *Steakley*, the court expanded upon *Ezell*, holding that the Bankruptcy Code preempted state law with respect to modification of creditors' rights, and that § 1325(a)(5)(C), in conjunction with other provisions of the Bankruptcy Code, including the Anti-Cramdown Provision, leaves no avenue for a creditor to properly claim a deficiency balance under state law or the Uniform Commercial Code. *Steakley*, 2007 WL 259570, at \*6.

All of the applicable requirements set forth in the Anti-Cramdown Provision apply in this case. The Debtors purchased the Dakota on July 21, 2004. It is a motor vehicle acquired by the Debtors for their personal use within the 910-day period set forth in the statute, and the Retail Installment Contract executed by the Debtors granted CitiFinancial a purchase money security interest in the Dakota to secure the debt that is the subject of its claim. Accordingly, based upon the *Ezell* and *Steakley* decisions, which are controlling before this court on this issue, § 506(a) does not apply to CitiFinancial's secured claim, the Anti-Cramdown solidifies its position as a fully secured creditor of the Debtors without regard to whether the proposed treatment is retention or surrender, and there is no avenue by which CitiFinancial may bifurcate its fully secured claim and file a deficiency claim. CitiFinancial's Objection to Confirmation shall be overruled, and the Debtors' Plan will be confirmed by a separate order.

FILED: March 5, 2007

BY THE COURT

/s/ RICHARD STAIR, JR.

RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE